IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| EDNA POTTS, | ) |
| | ) |
| v. | ) NO. 1:01-0016 |
| | ) |
| CAROLYN W. COLVIN, | ) |
|    Acting Commissioner of | ) |
|    Social Security[1] | ) |

To: The Honorable John T. Nixon, Senior District Judge

## REPORT AND RECOMMENDATION

This case was originally filed on February 13, 2001. On June 26, 2002, the Court granted the parties' joint motion, pursuant to sentence six of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to remand the case to the defendant for further proceedings (Docket Entry No. 19). At that time, the case was closed.

Inexplicably, on January 12, 2005, the defendant filed a motion to substitute counsel and for leave to file an answer (Docket Entry No. 20), which the Court granted by order entered February 7, 2005 (Docket Entry No. 21). There was no indication that the plaintiff wished to pursue her case following the remand, and it remains unclear why the defendant filed a motion for leave to file an answer in a closed case. Nevertheless, the defendant filed an answer on February 7, 2005 (Docket Entry No. 22). For a reason not reflected on the docket, the case was reopened by the Clerk on June 25, 2012.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for former Commissioner Michael J. Astrue as the defendant in this suit.

1

By order entered July 2, 2012 (Docket Entry No. 25), the Court granted the defendant's motion to ascertain status (Docket Entry No. 24) and ordered the parties to file a joint notice by July 5, 2012, indicating whether the plaintiff wished to pursue the case further. On July 13, 2012, the defendant responded that the defendant had contacted the plaintiff's counsel of record, Susan Denise Clasbey, and that, "[a]ccording to Ms. Clasbey, [the plaintiff] ended her attorney-client relationship with Ms. Clasbey, requested a copy of her file, and ha[d] not been heard from since Ms. Clasbey provided the file" (Docket Entry No. 26, at 2).[2]

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), as assimilated into Rule 16(f), the Court may dismiss an action.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court." Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Since this case was remanded to the defendant on June 26, 2002, the plaintiff has not filed a motion for judgment on the administrative record, filed a motion to extend the time to do so, or

---

[2] Ms. Clasbey has never filed a motion to withdraw as plaintiff's counsel and she remains counsel of record for the plaintiff.

made any filings in this case. It appears that the plaintiff had no intent to pursue this case following remand, and that the case was only reopened as a result of the defendant's filings. Even after the Court's order on July 2, 2012, reporting on the status of the case and ordering the parties to jointly file a notice indicating whether the plaintiff wished to pursue the case, the plaintiff has not made any filings.

**RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that this action be dismissed for the plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for her failure to comply with the order entered July 2, 2012 (Docket Entry No. 25), pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                             Respectfully submitted,

                                             JULIET GRIFFIN
                                             United States Magistrate Judge